NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Action No. 01-0553 (ES) |
| | : | |
| **TYSHAWN WILSON,** | : | **MEMORANDUM OPINION** |
| | : | |
| Defendant. | : | |

**SALAS, DISTRICT JUDGE**

On November 1, 2001, Tyshawn Wilson pled guilty to one count of bank robbery. (D.E. No. 14). On December 20, 2001, the Honorable Nicholas H. Politan, U.S.D.J., sentenced Wilson to 188 months of incarceration followed by five years of supervised release. (D.E. No. 24). Judge Politan imposed the following special conditions: (i) that Wilson "refrain from the illegal possession and/or use of drugs, etc."; (ii) that Wilson provide the Probation Office with full disclosure of his financial records; (iii) that Wilson is "prohibited from incurring any new credit charges"; and (iv) that Wilson pay $5,737.00 in restitution. (*Id.*).

On June 10, 2017, Wilson moved this Court to terminate his supervision early pursuant to 18 U.S.C. § 3564(c). (D.E. No. 41 ("Def. Mov. Ltr.") at 1).[1] According to Wilson, his five-year term of supervised release is scheduled to expire on September 11, 2019. (*Id.*). Wilson seeks early termination on the basis that he "has fully paid back his restitution, and has fully complied in all

---

[1] In his submission, Wilson requests early termination of his "probation." (*Id.* at 1). "The difference between probation and supervised release is that a defendant receives supervised release only after an incarcerative sentence has been served, whereas a defendant on probation has received an alternative to imprisonment." *United States v. Paterno*, No. 99-0037, 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002) (citing 18 U.S.C. § 3583(a)). Here, Wilson's supervision followed a term of imprisonment. Accordingly, the Court will treat Wilson's request as seeking early termination of his supervised release.

1

areas with his [supervised release]." (*Id.*). In his submission, Wilson states that his "United States Probation Officer, Edwin Vasquez, [has] no objection to this request." (*Id.*).

Contrary to Wilson's assertion, however, the U.S. District Court for the District of New Jersey's Probation Office opposes Wilson's application for early termination. (*See* July 24, 2017 Probation Office Letter Response ("Gov. Opp. Ltr.")). According to the Probation Office, "[i]n reviewing the offender's background and history of supervision, the offender does not meet the minimal criteria for early termination." (*Id.* at 2). Although Wilson has paid the restitution in full and has been employed on a full-time basis since his supervision began, Wilson was arrested and charged with driving under the influence in March 2016. (*Id.* at 1). As a result, Wilson lost his license for six months, but paid all his fines and penalties. (*Id.*).

For the reasons below, the Court DENIES Wilson's motion.

## I. Legal Standard

Post-sentencing changes to the terms of a defendant's supervised release are governed by 18 U.S.C. § 3583(e). *United States v. Abuhouran*, 398 F. App'x 712, 714 (3d Cir. 2010) ("Section 3583(e) of title 18 authorizes the sentencing court to terminate a term of supervised release prior to its expiration.").[2] "The defendant must have served one year of supervised release and the sentencing court must determine that such action is warranted by the conduct of the defendant released and the interest of justice. Section 3583(e)(1) directs the sentencing court to consider the factors set forth in 18 U.S.C. § 3553(a)."[3] *Id.* at 714-15 (citing 18 U.S.C. § 3583(e)(1)). The Court

---

[2]  Unless otherwise indicated, all internal citations and quotation marks are omitted and all emphasis is added.

[3]  Section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with correctional treatment; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established" for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements; (5) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; (6) "the need to avoid unwarranted sentence disparities

2

is required to consider all the statutory factors, but need not make a specific finding for each one. *See United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) ("[A]lthough a court need not make explicit findings as to each of the factors, the record must reveal that the court gave consideration to the § 3553(a) factors.").[4]

The Judicial Conference on Criminal Law has also elaborated on § 3583(e)(1) statutory criteria and recommended that parole officers evaluate nine factors when deciding whether to approve early termination of supervised release. Those factors are: (1) stable community reintegration (e.g., residence, family, employment); (2) progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) no aggravated role in the offense of conviction, particularly large drug or fraud offenses; (4) no history of violence; (5) no recent arrests or convictions; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no identifiable risk to the safety of any identifiable victim; and (9) no identifiable risk to public safety. *See Etheridge*, 999 F. Supp. 2d at 195 (citing Monograph 109, *Supervision of Federal Offenders* § 380.10(b)(1)-(9)); *see also United States. v. Grimaldi*, 482 F. Supp. 2d 248 (D. Conn. 2007) (considering these factors in a motion for supervised release).

## II. Analysis

The Court must deny Wilson's motion. *First*, courts have routinely recognized that a defendant's mere compliance with his sentence—although commendable—is insufficient by itself to reduce or terminate a term of supervised release.[5] After all, "mere compliance with the terms

---

among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense."

[4]  *See also United States v. Gammarano,* 321 F.3d 311, 315-16 (2d Cir. 2003) (finding that "a statement that [the district court] has considered the statutory factors is sufficient"); *United States v. Etheridge*, 999 F. Supp. 2d 192, 195 (D.D.C. 2013) (noting that district courts do not have to make a specific finding as to each factor).

[5]  *See, e.g.*, *United States v. Senyszyn*, No. 06-0311, 2015 WL 3385520, at *1 (D.N.J. May 26, 2015); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003); *United States v. Bouchareb*, 76 F. Supp. 3d 478, 479

3

of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." *Caruso*, 241 F. Supp. 2d at 469; *Senyszyn*, 2015 WL 3385520, at *1. As such, Wilson's contention that he has complied with the conditions of his supervised release and fully paid back his restitution (Def. Mov. Ltr. at 1) is commendable, but insufficient by itself to warrant early termination. *See Senyszyn*, No. 2015 WL 3385520, at *1 (denying defendant's request for early termination of supervised release based on his "mere compliance" with the terms of supervision).

*Second*, although the Third Circuit has "not expressly set forth *a significantly changed or extraordinary circumstances standard*, district courts in our Circuit have used [this standard] as support for following that as a guide to the exercise of discretion" for early termination of supervised release. *See United States v. Kay*, 283 F. App'x 944, 946 (3d Cir. 2008); *Senyszyn*, 2015 WL 3385520, at *1 ("Early termination is only warranted in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior."). The Court is not satisfied that Wilson has met this standard. There are no apparent significantly changed or exceptional circumstances in Wilson's case that would warrant early termination of supervision. And Wilson has not demonstrated exceptionally good behavior. Indeed, Wilson was recently arrested for driving under the influence in March 2016. (Gov. Opp. Ltr. at 1). Moreover, nothing in the record demonstrates that Wilson's current level of supervision has imposed any hardships on him. As the Probation Office points out, despite his supervision, Wilson has been able to maintain full-time employment. (*Id.*). While Wilson likely finds supervision to be unpleasant, the Court notes that supervision is not designed to be enjoyable—it is a punishment in and of itself.

---

(S.D.N.Y. 2014); *United States v. Abdelhady*, No. 06-0063, 2013 WL 1703775, at *2 (W.D. Pa. Apr. 19, 2013); *United States v. Williams*, No. 02-0216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006).

*Third*, after considering the § 3553(a) factors, the Court notes that granting Wilson's motion would create a sentencing disparity that is undesirable under § 3553(a)(6). Mere compliance with the terms of supervision does not typically justify early termination, and so other similarly situated defendants will not receive the same relief Wilson requests. This Court declines to create such a disparity. *Cf. Bouchareb*, 76 F. Supp. 3d at 480 (denying defendant's request for early termination of supervision because "[n]othing . . . distinguishes [defendant] from other compliant defendants on supervised release").

*Finally*, Wilson fails to satisfy some of the Judicial Conference factors relating to post-release conduct—namely, the requirements of no recent arrests or convictions and no recent evidence of alcohol or drug abuse. *See* Monograph 109, *Supervision of Federal Offenders* § 380.10(b). As the Probation Office points out, Wilson was arrested in March 2016 and charged with driving under the influence. (Gov. Opp. Ltr. at 1). The Judicial Conference factors therefore also weigh against granting Wilson's request.

### III. Conclusion

Having considered Wilson's request, the circumstances of his conviction, the § 3553(a) factors, and the Judicial Conference factors, the Court concludes that Wilson has not provided a sufficient basis for early termination of his supervision. Accordingly, Wilson's motion is DENIED. An appropriate Order accompanies this Memorandum Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**